UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **WUELFE VINICIO MAZARIEGOS OROZCO** | **CASE NO.   25-cv-1621 SEC P** |
| **-vs-** | **JUDGE DRELL** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

ORDER

Before the court is Petitioner Wuelfe Vinicio Mazariegos Orozco's ("Orozco") motion for temporary restraining order and preliminary injunction seeking a bond hearing pursuant to 8 U.S.C. § 1226(a) or his immediate release from custody.  (Doc. 8)

Orozco is a civil immigration detainee in the custody of the Department of Homeland Security's Immigration and Customs Enforcement Agency ("ICE") who is being held at the River Correctional Center in Concordia Parish, Louisiana.

I.      Background

Orozco is a native Guatemalan who has been living in the United States for at least 25 years.[1]  On August 29, 2025, while on his way to lunch, Orozco was apprehended by ICE agents and detained without bond pursuant to 8 U.S.C. § 1225.  At some point, was transferred to Louisiana for detention, and he requested review of his custody by an immigration judge.  On September 19, 2025, an immigration judge at LaSalle Immigration Court determined Orozco was

---

[1] In his petition for habeas corpus, Orozco states he has lived in the United States since 2000.  His instant motions states he has lived in the United States since 1995.

an "applicant for admission" pursuant to § 1225(b)(2)(A); thus, that court lacked the jurisdiction to issue a bond.

On October 27, 2025, Orozco filed a petition for habeas corpus seeking release or a bond hearing within 14 days. (Doc. 1). Orozco argued that his detention pursuant to § 1225 was improper, and he was entitled to a bond hearing pursuant to § 1226. On November 7, 2025, counsel for Orozco filed a motion entitled "Emergency Motion for Temporary Restraining Order and Stay of Removal" (Doc. 5) reiterating his request for a bond hearing within 14 days or release from detention. That same day, we issued an order denying the TRO noting a lack of an affidavit or verified complaint. (Doc. 6).

Orozco has now filed a "Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction" requesting a bond hearing within 7 days or immediate release from custody. (Doc. 8).

II.     Law and Analysis

Orozco seeks declaratory and injunctive relief in this case. However, this court should not address his claims because he is a member of the class established in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). (Doc. 8-1, p. 3). "A court may … in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." W. Gulf Mar. Ass'n. v. ILA Deep Sea Local 24 S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO, 751 F.2d 721, 729 (5th Cir. 1985). See also Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts, …the general principle is to avoid duplicative litigation."); Rodelo Echavez v. Lyns, No. 25-CV-1282, 2025 WL 3090769, at *2 (W.D. La. Sept. 22, 2025). Accordingly, Orozco should pursue relief in the Bautista litigation.

III.    Conclusion

In light of the foregoing, it is

ORDERED that the "Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 8) is DENIED.  It is further

ORDERED that this matter be STAYED pending resolution or other disposition of Orozco's claims as a <u>Bautista</u> class member before the United States District Court for the Central District of California to avoid the prospect of redundant litigation or conflicting judgments.

THUS DONE AND SIGNED at Alexandria, Louisiana this ___17___ day of December 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3